No. 38,406

Missouri Watch and Supply Company, *Appellant,* v. Ralph Eugene Washburn, Delbert Worcester, and Farmers and Merchants Bank of Hill City, a Banking Corporation, *Appellees.*

No. 38,408

Norman S. Steifel Company, *Appellant,* v. Ralph Eugene Washburn, Delbert Worcester, and Farmers and Merchants Bank of Hill City, a Banking Corporation, *Appellees.*

(237 P. 2d 259)

Opinion filed November 10, 1951.

*C. E. Birney,* of Hill City, argued the cause, and *W. W. Justus,* of Hill City, was with him on the briefs for the appellant.s.

*Kenneth Clark,* of Hoxie, argued the cause, and *Marion W. Chipman,* of Hill City, and *W. H. Clark,* of Hoxie, were with him on the briefs for the appellee, Delbert Worcester.

The opinion of the court was delivered by

Price, J.: The appeal in each of these consolidated cases is from an order striking the second amended petition. The issues and question involved are identical and they will be treated as one case.

Plaintiff is a wholesale jewelry distributor and brought this action for the recovery of money. The petition alleged that the defendants, Worcester and Washburn, operated a jewelry store in Hill City, as partners, under the name of "Washburn Jewelry"; that they had purchased merchandise from plaintiff in the total sum of $732.06, upon which $459 had been paid, leaving a balance due in the sum of $273.06.

In the alternative, it was then alleged that if Worcester was not

a partner in the ownership and operation of the store then he was a guarantor of bills incurred in its operation by Washburn, and that plaintiff had extended credit to Washburn upon representations made by Worcester that he would guarantee all indebtedness so incurred.

By way of further alternative, the petition alleged a sale of the store by Washburn to Worcester; that the latter paid nothing to Washburn for the stock of merchandise or fixtures, and that Worcester failed to comply with the provisions of the Bulk Sales Act (G. S. 1949, 58-101 and 102).

The defendant, Farmers and Merchants Bank of Hill City, was alleged to be the holder of two chattel mortgages executed by Washburn, the exact nature of which being unknown to plaintiff; and the prayer was for a money judgment against defendants Washburn and Worcester, and for a judgment against the bank barring any claim it might have against the stock of merchandise by virtue of its chattel mortgage.

Service of summons was never obtained upon defendant Washburn, and defendant bank filed its disclaimer, which was allowed.

Defendant Worcester filed a motion to require plaintiff to make its petition more definite and certain by stating its capacity to sue. By agreement of the parties this motion was sustained and plaintiff filed its amended petition in compliance with the court's order.

Defendant Worcester then filed a motion to make the amended petition more definite and certain by stating the exact nature of the interest, if any, Worcester owned in the store when it was allegedly operated by him and defendant Washburn; by setting out an itemized statement of the merchandise allegedly purchased, together with the dates and amounts of such purchases; to require plaintiff to separately state and number its purported causes of action, and to require plaintiff to state the specific inducements and representations allegedly made by Worcester to plaintiff, together with the times, dates and places thereof.

This motion was sustained in its entirety.

Thereafter plaintiff filed a second amended petition in which recovery was sought solely upon the basis of a violation of the Bulk Sales Act by Worcester when he purchased and took possession of the store from Washburn. Allegations with respect to this theory of liability in the second amended petition were substantially iden-

tical to the allegations with respect to the same theory contained in the petition and amended petition.

Defendant Worcester then filed a motion to strike the second amended petition on the grounds that it was inconsistent with and constituted a departure from the original petition and amended petition and changed plaintiff's claim or cause of action.

This motion was sustained and that is the order from which this appeal was taken.

In support of the lower court's ruling defendant calls our attention to *Schoeppel v. Pfannensteil*, 122 Kan. 630, 253 Pac. 567, 51 A. L. R. 398, holding that a sale of an undivided half interest in a partnership stock of merchandise of one partner to his fellow partner is not governed by the Bulk Sales Act, and to decisions having to do with election of remedies, departure, and the limitations on the power of the court to permit amendment of pleadings under G. S. 1949, 60-759.

On the other hand, plaintiff, while conceding the correctness of the rules urged by defendant as applied to the facts and circumstances of those cases out of which they arose, contends that under the facts here present all we have is merely an abandonment of the first two theories of recovery alleged in the petition and amended petition, and that its second amended petition merely adopts the third theory contained in the first two petitions—therefore it cannot be said there is such inconsistency, departure or change of its claim so as to justify the court in striking the second amended petition.

In our opinion the lower court erroneously struck the second amended petition. The matter narrows down to this: In its first two petitions plaintiff sought to recover on three different theories (1) a partnership between Worcester and Washburn, (2) inducements and representations on the part of Worcester as a guarantor, and (3) liability of Worcester based on his alleged violation of the Bulk Sales Act. No motion to elect was ever filed. No answer has been filed. No question concerning any statute of limitation is involved. Plaintiff, when called upon by motion to separately state and number its causes of action, apparently realized it would sooner or later be called upon to elect, and so it filed the second amended petition seeking to recover solely on one of the theories contained in the first two petitions. The remaining two theories contained in those first pleadings were simply abandoned. We know of no valid reason, under the facts here disclosed, why plain-

tiff should not be permitted to do so. The theory of recovery of the second amended petition is not only consistent with one of the theories contained in the first two petitions, but it is identical. It is true there has been a "departure" from the other two theories contained in the first two petitions, but not from the third theory. We are unable to see how defendant Worcester has been in any way misled or prejudiced. From the second amended petition it is clear that he is being sued for the balance of an account for merchandise allegedly sold by plaintiff to the jewelry store because of his failure to comply with the provisions of the Bulk Sales Act.

We have examined all authorities cited by defendant but find it unnecessary to discuss them for the reason that the factual situations upon which they were based are readily distinguishable from the case before us. Here it may not be said the allegations of the second amended petition are inconsistent with or constitute a departure from one of the theories of recovery contained in the first two petitions. Plaintiff's claim is not only unchanged but is identical to that theory. The other two theories were merely abandoned.

It therefore follows that the order of the court in each case, striking the second amended petition, is reversed.

PARKER, J., not participating.